**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **NIGEL ANTHONY BUCKNOR** | **CASE NO. 1:26-CV-01880 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MELISSA B HARPER ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Report and Recommendation (Doc. 13) of the Magistrate Judge that recommends that Petitioner's Petition for Habeas Corpus be granted and that Petitioner be released from custody without bond under reasonable and necessary conditions of supervision. The Court has conducted a *de novo* review under 28 U.S.C. § 636(b)(1), reviewed the Report, the record and considered Respondent's objections, and declines to accept the Report and Recommendation.

## BACKGROUND

Petitioner is a citizen of Jamaica. He illegally entered the United States at an unknown place and unknown time. During his illegal presence in the United States, Petitioner was convicted on four separate occasions in the years 1996 (criminal possession of a controlled substance; 4 years incarceration), 2003 (criminal possession of a controlled substance), 2005 (possession of a controlled substance; 5 years incarceration), and 2011 (criminal sale of a controlled substance—cocaine). Petitioner was sentenced to 14 years for the 2011 conviction.[1]

[1] Doc. 10-1.

On August 11, 2022, an immigration judge ordered Petitioner removed but granted deferral of removal under the Convention Against Torture.[2] ICE detained Petitioner on November 5, 2025.[3]

In her Report and Recommendation, the Magistrate Judge recommended that Petitioner be released reasoning that there is no definitive or reasonably foreseeable date for his removal, noting that Petitioner had been detained for at least 329 months following his final order of removal.

Significantly, Petitioner's extensive and serious criminal history is a factor that the Court must consider. As noted by Respondents, due to Petitioner's criminal history as a possessor and distributor of illegal substances, it goes without saying, that it would be more difficult for a country to be willing to accept Petitioner.

To be sure, the evidence before the Court indicates that Petitioner was refused by numerous countries, including Nicaragua, Guatemala, Honduras,[4] Canada, Ghana, and South Africa,[5] Italy,[6] and Gambia.[7] On February 17, 2026, ERO sent Ghana a Third Country Removal Form to Petitioner and requested that he notify it of any other countries he may have ties to for removal.[8] On February 18, 2026, Petitioner informed ERO that he would not go to Ghana and would only accept removal to Canada.[9] On March 12, 2026, Petitioner again declined to go to Ghana, and stated he would only accept being removed

---

[2] Doc. 10-4.
[3] Doc. 10, p.2.
[4] Doc. 10-2, ¶ ¶ 14 and 15.
[5] *Id.* ¶ ¶ 21 and 22.
[6] *Id.* ¶ ¶ 23 and 24.
[7] *Id.* ¶ ¶ 30 and 31.
[8] *Id.* ¶ 33.
[9] *Id.* ¶ 34.

to Canada and France.[10] ERO emailed I-241s to Canada and France; France denied entry on March 13, 2026.[11] Here, the Report and Recommendation states that Petitioner averred that "I never refused to go to Ghana. I was merely asked whether I wanted to go there and said I did not want to go there..."[12] The Report and Recommendation then states that Respondents did not supply any evidence to support their argument that Petitioner prevented removal efforts. It appears to the undersigned that the Magistrate Judge gave more credibility to the Petitioner's assertion, a convicted felon, than the Government's declaration that on two occasions, Petitioner refused removal to Ghana.

On May 5, 2026, Petitioner informed ERO he would be willing to be removed to the United Kingdom; he was denied entry due to no status in that country.[13] ERO emailed Haiti regarding third country removal; Haiti responded that it was not accepting third country removals.[14] On June 3, 2026, ERO emailed the Detention and Deportation Officer ("DDO") for a third country removal update and is continuing to attempt to remove Petitioner.[15]

U.S.C. § 1231(a)(6) provides:

> **(6)** Inadmissible or criminal aliens. An alien ordered removed who is inadmissible under section 212 [8 USCS § 1182], removable under section 237(a)(1)(C), 237(a)(2), or 237(a)(4) [8 USCS § 1227(a)(1)(C), (a)(2), or (a)(4)] or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

---

[10] *Id.* ¶ 35.
[11] *Id.* ¶ ¶ 35 and 36.
[12] Doc. 12-1, p. 3.
[13] *Id.* ¶ 42.
[14] *Id.* ¶ 43.
[15] *Id.* ¶ ¶ 46, 47, and 48.

In *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021), the Supreme Court stated that § 1231(a)(6) provides that an alien may be detained beyond the removal period if he is a risk to the community. *Guzman Chavez*, 594 U.S., at 529. In *Tran v. Caplinger,* 847 F.Supp. 469 (W.D. La. 12/27/1993), Judge Trimble held that the six-month time limit on detention of an alien subject to final order of deportation was not applicable to an alien classified as an aggravated felon because of a controlled substance violation. Immigration and Nationality Act, § § 101(43), 242(a0(2), (c), as amended, 8 U.S.C.A. § § 1101(43), 1252(a)(2), (C).

Here, the balancing of interest under 8 U.S.C. § 1231(a)(6) between the Government and Petitioner weighs heavily in favor a detaining Petitioner beyond the removal period. The Court considers Petitioner to be a risk to the community and therefore may be detained beyond the removal period. Accordingly,

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 28th day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**